# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NINA TALAVERA, an individual; JAMES TALAVERA, an individual;<br><br>                Plaintiff,<br><br>   vs.<br><br>NUTRIBULLET, L.L.C., a California Limited Liability Company; CAPITAL BRANDS, L.L.C., a California Limited Liability Company; HOMELAND HOUSEWARES, L.L.C., a California Limited Liability Company; CALL TO ACTION, L.L.C., a California Limited Liability Company; NUTRILIVING, L.L.C., and Does 1 through 10, inclusive,<br><br>         Defendants. | Case No.: 2:18-cv-08771-DDP-(SS)<br><br>District Judge: Hon. Dean D. Pregerson<br>Magistrate: Hon. Suzanne H. Segal<br><br>**PROTECTIVE ORDER**<br><br><br>Complaint Filed: October 11, 2018<br>Trial Date:  TBD |

## <u>PROTECTIVE ORDER</u>

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiffs, NINA TALAVERA AND JAMES TALAVERA (Plaintiff(s)"), and Defendant(s) NUTRIBULLET, LLC, CAPITAL BRANDS, LLC, HOMELAND HOUSEWARES,

LLC, CALL TO ACTION, LLC AND NUTRILIVING ("Defendants") (collectively the Plaintiffs and Defendant(s) are referred to as the "Parties" and each individually as a "Party"), through their counsel, that this Stipulated Protective Order shall govern the handling of any information produced or disclosed by any Party or non-Party in the above captioned matter ("Action"), including documents, depositions, deposition exhibits, interrogatory responses, responses to requests for admission, and other pretrial proceedings.

## GOOD CAUSE STATEMENT:

This action is likely to involve trade secrets and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

1. Any Party or non-Party may designate as confidential any documents, materials, or information which the designating Party considers in good faith to contain non-public, confidential or trade secret (information and which is disclosed through formal or informal discovery in this Action (hereinafter "Confidential Material") including, but not limited to, any written response to interrogatories and requests for admission, documents produced in response to requests for production of documents or subpoenas, deposition transcripts including exhibits, and all information contained in those materials (collectively "Discovery Materials"). The Parties reserve their rights to jointly amend this Stipulation and to supplement the above list as additional categories of Confidential Materials arise through the course of discovery.

2. Documents produced or written responses served in this Action in response to a request for production, or otherwise, relating to matters that the designating Party deems to be Confidential Material shall be designated as such at the time of production or service of the response(s). Each document or page of a written response so designated shall be marked with the word "Confidential."

3. Any Party may designate certain Discovery Materials as "Confidential – Attorneys' Eyes Only" (hereinafter, "Attorneys' Eyes Only Material"). This designation shall be limited to such Discovery Materials that the designating Party believes, in good faith, contain highly sensitive information, the disclosure of which is likely to cause harm to the competitive position of the designating Party or the broader disclosure of which would violate any Party or third parties' constitutional right to financial privacy. All Attorneys' Eyes Only Materials are included within the meaning of "Confidential" information as used in this Protective Order and, except with respect to the classes of individuals who may view Attorneys' Eyes Only Materials, all the provisions set forth in the Protective Order that apply to Confidential Materials also apply to Attorneys' Eyes Only Materials. Documents produced or written responses served in this Action in response to a request for production, or otherwise, relating to matters that the designating Party deems to be Attorneys' Eyes Only Material shall be

designated as such. Each document or page of a written response so designated shall be marked with the words "Confidential – Attorneys' Eyes Only."

4. The production of any document, evidence or testimony not marked as Confidential or Confidential – Attorneys' Eyes Only shall not constitute a waiver of any claim of confidentiality that may attach to the document and such materials.

5. If any Party or non-Party inadvertently fails to designate any document(s) or written response(s) to a discovery request as Confidential or Attorneys' Eyes Only Material at the time of production or service of the response, it may correct its error by notifying opposing counsel in writing and providing opposing counsel substitute copies of any document(s) or response(s) appropriately marked as Confidential or Confidential – Attorneys' Eyes Only. Within ten (10) days of receipt of the substitute copies, the receiving Party shall return the previously unmarked items and all copies thereof. Similarly, if any Party inadvertently designates any document(s) or written response(s) as Confidential or Attorneys' Eyes Only Material, it may correct its error by notifying opposing counsel in writing and providing opposing counsel with substitute copies of the document(s) or response(s) without the Confidential or Confidential – Attorneys' Eyes Only designation. Within ten (10) days of receipt of the substitute copies, the receiving Party shall return the previously marked items and all copies thereof.

6. The receipt of any document, transcript, thing, or information designated Confidential or Confidential – Attorneys' Eyes Only shall not be construed as an agreement by the receiving Party that any such document, transcript, thing, or information is in fact Confidential or Attorneys' Eyes Only Material, and shall not operate as a waiver of the receiving Party's right to challenge any such designation as provided herein.

7. A Party may designate as Confidential or Attorneys' Eyes Only Material, the whole or a portion of any deposition testimony, regardless by whom given, which contains or discloses Confidential or Attorneys' Eyes Only Material. The Party designating any portion of a deposition as Confidential or Attorneys' Eyes Only

Material may do so on the record at the deposition or shall serve a written statement on the Parties and court reporter specifying the portions of the deposition which are to be designated as Confidential or Attorneys' Eyes Only Material within thirty (30) days after receipt of the deposition transcript. Except as otherwise designated on the record, the entire transcript shall be deemed Confidential prior to the expiration of the thirty-day period. If a document designated as Confidential or Attorneys' Eyes Only Material is used as an exhibit at a deposition, that document and the deposition testimony concerning it shall be deemed Confidential or Attorneys' Eyes Only Material regardless of whether a Party makes any formal designation thereof.

8. A Party shall have the right to have the following persons excluded from a deposition before the taking of testimony designated as Confidential Material or before the introduction of documents or exhibits designated as Confidential Material: all persons except the court reporter, counsel of record, the Parties' experts, the deponent and the Parties (or their representatives who are involved in the handling, prosecution or defense of this Action). Additionally, a Party shall have the right to exclude the Parties (or their representatives) before the taking of testimony designated as Attorneys' Eyes Only or before introducing exhibits designated as Attorneys' Eyes Only.

9. Confidential Material may be disclosed, given, shown, made available, or communicated only to the following individuals and entities (and then only for purposes of mediation or the prosecution or defense of this Action):

    (a)    the Court and court personnel;

    (b)    mediators, referees, or other neutral designees of the Court or the Parties for the purpose of dispute resolution;

    (c)    court reporters who record depositions or other testimony in this action;

    (d)    outside counsel of record for the Parties, as well as their paralegals, secretarial and clerical assistants, and employees of such counsel who are actively working on this matter, including independent contractors providing copy services or litigation support for the Parties;

PROTECTIVE ORDER

(e)　　the Parties and their employees and insurers who are actively involved in the prosecution or defense of this Action;

(f)　　independent experts that have been retained by the Parties in connection with this Action;

(g)　　any individual or entity expressly named in the particular Confidential Material as having authored or received the information contained in that Confidential Material; and

(h)　　any other person or Party upon the written agreement of the Party or non-party that designated the Confidential Material (which agreement may be recorded in a deposition or other transcript), or pursuant to court order after regularly-noticed motion.

10.　　Attorneys' Eyes Only Material may be disclosed only to the following persons:

(a)　　the Court and court personnel in accordance with paragraph 19 herein below;

(b)　　mediators, referees, or other neutral designees of the Court or the Parties for the purpose of dispute resolution;

(c)　　court reporters who record depositions or other testimony in this action;

(d)　　outside counsel of record for the Parties, as well as their paralegals, secretarial and clerical assistants, and employees of such counsel who are actively working on this matter,

(e)　　independent experts that have been retained by the Parties in connection with this Action;

(f)　　any individual or entity expressly named in the particular Confidential Material as having authored or received the information contained in that Confidential Material; and

(g)　　any other person or Party upon the written agreement of the Party or non-Party that designated the Attorneys' Eyes Only Material (which agreement

may be recorded in a deposition or other transcript), or pursuant to court order after regularly-noticed motion.

11.     In the event of a disclosure of Confidential or Attorneys' Eyes Only Materials to a person not authorized to have had such disclosure made to him or her under the provisions of this Stipulation and Protective Order, and in the event the Party responsible for having made or allowed such disclosure becomes aware of such disclosure, that Party shall immediately  (a) notify in writing,  counsel for the Party whose Confidential or Attorneys' Eyes Only Material has thus been disclosed of all relevant information concerning the nature and circumstances of such disclosure (b) use its best efforts to retrieve all Confidential or Attorneys Eyes Only Materials (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order and (d) request such person or persons to execute "Exhibit A" that is attached hereto.   The responsible Party shall also take all reasonable measures promptly to ensure that no further or greater unauthorized disclosure of Confidential or Attorneys' Eyes Only Material is made by anyone.

12.     Before Confidential or Attorneys' Eyes Only Material may be disclosed to third-party consultants and independent experts that are being used or will be used in connection with this Action, such persons must execute a written Confidentiality Agreement, in the form set forth in Exhibit A attached hereto ("Confidentiality Agreement"), acknowledging and agreeing not to discuss or otherwise disclose any material designated Confidential or Confidential – Attorneys' Eyes Only with or to any person except person permitted to receive such Discovery Materials pursuant hereto, who if appropriate, has executed a Confidentiality Agreement.   In the event that the person executes the written agreement, the counsel disclosing the Confidential or Attorneys' Eyes Only Materials shall maintain the executed written agreement.

13.     All Confidential or Attorneys' Eyes Only Material provided in discovery or otherwise in connection with the above-captioned Action shall be used for the prosecution or defense of this Action, and for no other purpose.   Confidential or

PROTECTIVE ORDER

Attorneys' Eyes Only Material shall not be used or disclosed for any business, commercial or competitive purpose.

14.      Nothing herein shall prevent any of the Parties from using Confidential or Attorneys' Eyes Only Material in any trial in this Action or from seeking further protection with respect to the use of any Confidential or Attorneys' Eyes Only Material in any trial in this Action. Means to preserve the confidentiality of Confidential or Attorneys' Eyes Only Material presented at any trial shall be considered and, to the extent reasonably possible, implemented in advance of such trial.

15.      A Party shall not be obligated to challenge the designation of any documents or information as Confidential or Attorneys' Eyes Only Material at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation. In the event of a dispute with respect to the designation of any discovery material as Confidential or Attorneys' Eyes Only Material, counsel shall attempt to resolve the dispute on an informal basis before presenting the matter to the Court for resolution. If a resolution cannot be reached, the Party challenging the Confidential or Confidential – Attorneys' Eyes Only designation shall send a written notice to the designating Party identifying the challenged Confidential or Attorneys' Eyes Only Material, stating the reasons that the Confidential or Attorneys' Eyes Only Material is being challenged, and giving notice that the Party will move the Court to remove the designation of such information as "Confidential" or "Confidential – Attorneys' Eyes Only." Until such time as the challenge is resolved, such Confidential or Attorneys' Eyes Only Material shall be maintained in accordance with this Stipulated Protective Order.

16.      Nothing in this Stipulation and Protective Order shall be deemed in any way to restrict the use of documents or information that are lawfully obtained or publicly available to a Party independently from discovery in this action, whether or not the same material has been obtained during the course of discovery in the action and whether or not such documents or information have been designated as Confidential or

Confidential – Attorneys' Eyes Only.

17.     This Stipulated Protective Order may be modified at any time for good cause shown, and shall not preclude any application to the Court seeking greater or lesser protection for specific documents or seeking termination of the protection provided hereunder for specific material or information.

18.     Nothing in this Stipulated Protective Order shall limit or affect the right of a Party to disclose or to authorize disclosure of Discovery Materials produced by that Party.

19.     All documents, transcripts, pleadings, motions, and other Discovery Materials filed or lodged with the Court comprising, containing, or reflecting Attorneys' Eyes Only Material shall be filed or lodged under seal pursuant to the Federal Rules of Civil Procedure and or Local Rules, and shall designate the particular aspects of such filings or lodging that contain Attorneys' Eyes Only Material.

20.     The Parties shall meet and confer regarding the procedures for use of any Confidential Materials or Attorney's Eyes Only Materials at trial and shall move the Court for entry of an appropriate order.

21.     No later than thirty (30) days from the unappealed or unappealable final resolution or settlement of this action, all Confidential and Attorneys' Eyes Only Material, including copies, extracts, or summaries of such materials, within the possession, custody or control of counsel for a Party shall be delivered to counsel for the Party who produced the Confidential or Attorneys' Eyes Only Material, or in lieu thereof, shall certify in writing that all Confidential or Attorneys' Eyes Only Material has been destroyed.  Notwithstanding the above, counsel of record may retain a set of pleadings, exhibits, and their own attorney and consultant work product for archival purposes, including portions of any such papers that contain or disclose Confidential or Attorneys' Eyes Only Material.  Any such archival copies that contain or constitute Confidential or Attorneys' Eyes Only Material remain subject to this Stipulated Protective Order.

22.      Nothing in this Stipulated and Protective Order shall be deemed to limit, prejudice, or waive any right of the Parties: (a) to resist discovery with respect to, or to seek to obtain additional or different protection for, material claimed to be protected work product or privileged under federal or California law, material as to which a Party claims a legal obligation not to disclose, or Material not required to be provided pursuant to federal or California law; (b) to seek to modify or obtain relief from any aspect of this Protective Order; (c) to object to the use, relevance or admissibility at trial or otherwise of any material, whether or not designated in whole or in part as Confidential Material governed by this Protective Order; or (d) otherwise to require that discovery be conducted according to governing laws and rules.

23.      This Stipulated Protective Order shall survive the final conclusion of this Action and continue in full force and effect, and the Court shall retain jurisdiction to enforce this Stipulated Protective Order.

By executing a copy of this Stipulated Protective Order, each of the attorneys named below and the Parties they represent undertake to abide by and be bound by its provisions.

24.      The Defendants shall file a fully executed copy this Stipulated Protective Order with the Court within five (5) court days of receipt of the executed Stipulated Protective Order from Plaintiffs.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**


DATED: January 7, 2020

**YOKA & SMITH, LLP**


By:  /s/  ALICE CHEN SMITH
Walter M. Yoka
David T. McCann
R. Bryan Martin
Alice Chen Smith
Davida M. Frieman

Attorneys for Defendants,
Nutribullet, LLC; Capital Brands, LLC;
Homeland Housewares, LLC; Call To
Action, LLC; and Nutriliving, LLC

**ABIR COHEN TREYZON SALO, LLP**

By:  /s/ *AARON LAVINE*
Boris Treyzon
Douglas Rochen
Aaron Lavine
Attorneys for Plaintiff

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED**

DATED: January 7, 2020

_____

Judge Dean Pregerson
United States District Judge

# EXHIBIT 4A

## ACKNOWLEDGMENT OF AGREEMENT TO BE BOUND BY STIPULATION AND PROTECTIVE ORDER

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on _____[date] in the case of _____ Case No.:_____, I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment for contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with this Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____[print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Order.

Date:_____

City and State sworn and signed:_____

Printed Name:_____

Signature:_____